

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                    Opinion No. O-2424
                             Re:  Authority of the Comptroller
                                  of Public Accounts to pay
                                  the account incurred by the
                                  Game, Fish and Oyster Com-
                                  mission in the purchase of
                                  a boat which account has not
                                  been approved by the State
                                  Board of Control.

        We are in receipt of your letter of May 31, 1940,
in which you request an opinion of this department as to
whether or not you have the authority to pay the account
of $1,250.00 to Fred Farley & Son, which was incurred by
the Game, Fish and Oyster Commission in the purchase of a
boat but which account has not been approved by the State
Board of Control.

        The Board of Control was originally given the
duty of purchasing the supplies for the various departments
of the state government by the 36th Legislature in 1919.
That Article as amended in 1929 by the 41st Legislature is
Article 634 of the Revised Civil Statutes and reads as
follows:

        "The Board of Control shall purchase
        all the supplies used by each Department
        of the State Government, including the State
        Prison System, and each eleemosynary institu-
        tion, Normal school, Agricultural and Mechan-
        ical College, University of Texas, and each
        and all other State Schools or Departments
        of the State Government heretofore or here-
        after created.  Such supplies to include
        furniture and fixtures, technical instru-
        ments and books, and all other things re-
        quired by the different departments or in-
        stitutions, except strictly perishable goods."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

Subsequent to such enactment the 38th Legislature in 1923 enacted a Statute which is now Article 4048 of the Revised Civil Statutes. In referring to the Game, Fish and Oyster Commissioner, said article reads, in part, as follows:

"* * * and the Commissioner is authorized to purchase boats and implements and employ labor to work such public oyster reefs and beds as he may think can be improved thereby, the expense of which shall be paid on warrants issued by the Comptroller on the sworn statement as to the correctness of such expense by the Commissioner."

You have supplemented your letter of request with the additional information that the boat is being purchased for the use mentioned in the above statute, that is, for working public oyster reefs and beds in the coastal area.

The Office of Game, Fish and Oyster Commissioner was abolished by the Legislature in Article 978f of Vernon's Annotated Civil Statutes. Section 1 provides as follows:

"Sec. 1. The office of Game, Fish and Oyster Commissioner of the State of Texas is hereby abolished. There is hereby created the Game, Fish and Oyster Commission which shall have the authority, powers, duties and functions heretofore vested in the Game, Fish and Oyster Commissioner, except where in conflict with this Act."

Under the authority of the above quoted article the Game, Fish and Oyster Commission has the same authority that the Game, Fish and Oyster Commissioner had to purchase boats under Article 4048, supra. Your attention is directed to the fact that Article 4048 not only gave the Commissioner the authority to purchase boats but also provided specifically the manner in which the payments for the same are to be made. The Commissioner under said Article was to make a sworn statement as to the correctness of the expense and furnish the same to the Comptroller, and the Comptroller was to issue a warrant in payment of such expense. Nowhere in said Article is it provided that such account must be submitted to the State Board of Control or that the State Board of Control should make such purchase for the Commission. On the other hand, it

Honorable George H. Sheppard, Page 3

is specifically provided that the Commissioner is authorized to make the purchase and the payment should be made by his submitting a sworn statement to the Comptroller and the Comptroller should draw a warrant for the payment of such expense.

It is our opinion, therefore, that since the Game, Fish and Oyster Commission has submitted to you the sworn statement as provided in Article 4048, in connection with the boat that was purchased, you would be authorized to approve the payment of said account even though the same has not been approved by the State Board of Control. Our conclusion in this respect is in accord with the administrative construction placed on the above discussed Articles by the Game, Fish and Oyster Commission and the Comptroller of Public Accounts in past years.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Billy Goldberg*

Billy Goldberg
Assistant

BG:eaw

APPROVED JUN 13, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN